Pawling *v.* Houren and others.

---

ALBERT PAWLING *v.* NIMROD HOUREN and others.

In an action on a note, not protested at maturity, where the defendants have not been put in default before suit, and there is no evidence of any promise to pay interest, it will only be allowed from judicial demand.

GEORGE and James Heaton are appellants from a judgment of the Commercial Court, *Watts,* J.

MORPHY, J. The defendants were sued on a note of five hundred dollars, drawn jointly and severally by them, to the order of, and endorsed by, V. Baxter. Nimrod Houren suffered a judgment by default to go against him, which was duly confirmed, and from which no appeal has been taken. The other two defendants have filed a joint answer, setting forth a number of facts which it is unnecessary to notice, as they have not been supported by evidence, and which, had they been fully proved, would not have much aided their defence. Judgment having been rendered against them below, they appealed.

The judge, in our opinion, erred however, in allowing interest from the 7th of December, 1839. The note sued on was not protested at maturity, nor have the debtors been otherwise put in default before the inception of this suit; and there is no evidence of any agreement or promise on the part of the appellants to pay interest. The counsel for the appellee has called our attention to a statement made by one of the defendants' witnesses, 'that the plaintiff told him *that he was getting interest on this note.*' Admitting that under article 2895 of the Civ. Code, parol evidence could in any case be received to prove conventional interest, this testimony is nothing more than the declaration of the plaintiff himself, and is moreover extremely vague. If it were meant that the

plaintiff was from time to time receiving interest on this note, he is not entitled to receive it a second time. If the idea is, that interest was running in his favor on this note, it is not shown that it was by virtue of any promise made by the defendant.

It is therefore ordered that the judgment of the Commercial Court be amended, so as to bear legal interest only from the day of judicial demand, the plaintiff and appellee paying the costs of this appeal.

*Cohen*, for the plaintiff.

*Wray*, for the appellants.